IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LINDA S. ALLEN,

        Plaintiff,

V.                                                                    No. 09-4139-SAC

MAGIC MEDIA, INC.,

        Defendant.

MEMORANDUM AND ORDER

This sex and age discrimination case comes before the court on defendant's first motion in limine.

**Plaintiff's untimely response**

Defendant's motion in limine was filed on February 8, 2011. Plaintiff's response was filed on February 28, 2011. The pretrial order in this case unambiguously states:

> All motions in limine...shall be filed no later than 14 days before trial. Briefs in opposition to such motions shall be filed within the time period required by D.Kan.Rule 6.1(d)(1), or at least 5 business days before trial, whichever is earlier.

Dk. 36, p. 24. The local rule alluded to in this rule unambiguously requires that responses to non-dispositive motions "must be filed and served within 14 days." D.Kan.Rule 6.1(d)(1). Fourteen days after February 8th is February 22nd. Trial is set to begin on April 6, 2011, and five business days before trial is March 30th. The earlier of those two dates is February 22nd.

When no response to defendant's motion was received by February 22nd, the court *sua sponte* issued an order on February 24th for plaintiff to show cause why that

motion should not be decided as uncontested. Dk. 52. The Court referenced D. Kan.

Rule 7.4, subsection (b) of which states:

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

Plaintiff responded to the show cause order, stating only:

> 1. The Motion to In Limine was filed on February 8, 2011 prior to the schedule date of March 16, 2011 and briefs in opposition to the Motions in Limine were due five (5) days before trial.
> 2. If the scheduling order is not controlling on the Motion then time period would normally fall due on February 25, 2011 but because of a legal holiday[1] the Response is due on February 28, 2011.
> 3. Plaintiff will file her Response on February 28, 2011.

Dk. 53, p. 1.

Plaintiff's response shows that counsel misinterpreted the clear language in the pretrial order and/or the clear language of the current local rule, or erroneously applied and misconstrued the old local rule. "Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Pioneer Investment Servs. v. Brunswick Assocs., Ltd. Partnership*, 507 U.S. 380, 392 (1993). As the Tenth Circuit stated in *Torres*, "counsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless the word 'excusable' is to be read

---

[1] The Court is concerned by counsel's belief that legal holidays (here, apparently Feb. 21st, Presidents' Day) are excluded from the calculation. Holidays have been included in the calculation of these deadlines for some time now, and even prior to the amendment of the local rule and the Rules of Civil Procedure, only those holidays falling on the last day of a period served to extend a deadline.

out of the rule." *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (examining "excusable neglect" standard in Fed. R.App. P. 4) (internal quotation omitted). Counsel has offered no other reason for his failure to file a timely response, and even after the court issued its show cause order, delayed in filing his response for two more days. Under these circumstances, counsel's failure to properly calculate or calendar a deadline for responding to a motion does not constitute "excusable neglect" for purposes of local rule 7.4. Accordingly, defendant's motion shall be considered as uncontested.

**Motion in limine standards**

A motion in limine gives a court the chance " 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.' " *Palmieri v. Defaria*, 88 F.3d 136, 141 (2nd Cir. 1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F.Supp. 1400, 1401 (D.Md. 1987)); *see also United States v. Cline*, 188 F.Supp.2d 1287, 1291-1292 (D.Kan. 2002), *aff'd,* 349 F.3d 1276 (10th Cir. 2003). Though such rulings can save time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence. Some in limine rulings, like those involving Rule 403, "are necessarily preliminary because the required balancing may be reassessed as the evidence actually comes in." *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir.1996) (citing *United States v. Mejia-Alarcon*, 995 F.2d 982, 987 n. 2 (10th Cir.), *cert. denied*, 510 U.S. 927 (1993)). Thus, the in limine exclusion of evidence should be reserved for those instances when the evidence plainly is "inadmissible on all potential grounds." *Townsend v. Benya*, 287

F.Supp.2d 868, 872 (N.D.Ill. 2003). The better judicial practice is to defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.), *cert. denied*, 423 U.S. 987 (1975). Whether evidence is relevant or unduly prejudicial is determined in the context of the facts and arguments in a particular case, and thus is generally not amenable to broad per se rules.

**Defendant's motion**

Defendant seeks to exclude certain evidence, which largely relates to the bad acts of plaintiff's supervisor, Mr. Bernie Kuminkoski. Defendant contends the evidence is irrelevant and unfairly prejudicial. The Court notes generally that because the summary judgment record contained substantial evidentiary gaps, the Court remains unaware of crucial facts in this case, including who made the decision to terminate the plaintiff. In light of the paucity of facts, and in recognition that the "better judicial practice" is to defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed, the Court defers ruling on the motion in limine. Nonetheless, for some general guidance to the parties, the Court provides the following discussion.

**1. Hostile work environment**; **3. Mr. Kuminkoski's sexual behavior around other women.**

Defendant notes that the court granted summary judgment in its favor on plaintiff's claim of sexual harassment, and contends that such evidence is therefore irrelevant and, even if relevant, would be unduly prejudicial. Defendant claims that

4

"evidence of a hostile work environment has no tendency whatsoever to make it more or less likely that plaintiff was treated differently than similarly situated employees because of her age or her gender." Dk. 51, p. 4. Plaintiff contends that such evidence may be admissible to show defendant's intent to discriminate. The Court agrees, assuming that the same decisionmaker was involved in the discriminatory acts involving other employees and in the adverse employment action taken against the plaintiff.

This case will be tried on the question of pretext. Thus, evidence that makes a defendant's proffered justification for its treatment of the plaintiff more or less likely to be pretextual is relevant evidence. *See* Fed.R.Evid. 401. Because direct testimony as to the employer's mental processes seldom exits, evidence of the employer's general discriminatory propensities may be relevant and admissible to prove discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-805 (1973) ("Other evidence that may be relevant to any showing of pretext includes ... [the employer's] general policy and practice with respect to minority employment."); *see also United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 713-14 n. 2 (1983).

The federal rules of evidence prohibit admission of other crimes, wrongs, or acts to prove the character of a person in order to show action in conformity therewith, but permit admission of that same evidence for other purposes, including proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed.R.Evid. 404(b). Evidence of a defendant's past sexual harassment admitted to prove discriminatory intent in cases of race and gender discrimination may be admitted for a proper purpose under Rule 404(b). *Wilson v. Muckala*, 303 F.3d 1207, 1217 (10th Cir. 2002).

Accordingly, assuming that Mr. Kuminkoski was the decisionmaker in plaintiff's case, his disparate treatment of plaintiff's female co-employees will likely be relevant to show defendant's sexually discriminatory animus toward plaintiff. The Supreme Court has held that "such evidence is neither per se admissible nor per se inadmissible," *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 128 S.Ct. 1140, 1143 (2008), but "depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Id.* at 1147. The Tenth Circuit has long agreed that evidence of treatment of other employees in the same protected class may be relevant to the issue of discriminatory intent. *See Wilson v. Muckala*, 303 F.3d 1207, 1217 (10th Cir. 2002) (evidence of a defendant's past sexual harassment admitted to prove discriminatory intent in cases of gender discrimination is admitted for a proper purpose under Federal Rule of Evidence 404(b)); *Heno v. Sprint/United Mgmt. Co.*, 208 F.3d 847, 856 (10th Cir. 2000) (anecdotal evidence of discrimination admissible if incident can be tied to plaintiff's circumstances through, for example, common supervisors and same time frame); *Coletti v. Cudd Pressure Control,* 165 F.3d 767, 776 (10th Cir. 1999) (testimony of other employees regarding how defendant treated them is relevant to the defendant's discriminatory intent where "testimony establishes a pattern of retaliatory behavior or tends to discredit the employer's assertion of legitimate motive."); *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1297 (10th Cir.1998) (in employment discrimination case, testimony concerning defendant's mistreatment of other employees admissible under Rule 404(b) to show motive or intent if circumstances surrounding other employees can be reasonably tied to plaintiff's circumstances). Where allegedly discriminatory actions based on age or sex are taken against other employees by the

same supervisor and are not temporally remote in time to that supervisor's acts concerning the plaintiff, relevance of such other acts is likely in a pretext case.

The court does not believe that the testimony is unfairly prejudicial, but lacks adequate knowledge of the nature and details of the testimony, so reserves ruling definitively on this and all other matters presented in this motion until trial.

**2. Mr. Kuminkoski's cellular phone contents**[2]

Defendant contends that evidence regarding sexual content on Mr. Kuminkoski's cell phone is irrelevant and would be unfairly prejudicial. The summary judgment motions include an affidavit by Ms. McDonald, one of plaintiff's co-workers, averring that on one occasion, Mr. Kuminkoski asked her to figure out why his phone, which had been issued by defendant, was not working. She discovered what she considered to be pornography on the phone and told Mr. Kuminkiski that she refused to handle the phone further. Mr. Kuminkoski then threatened her in some manner, and she printed out a screen shot before deleting the emails which contained the offensive attachments, and returning the phone to Mr. Kuminkoski. Dk. 40-1. Ms. McDonald immediately complained to human resources about the incident but was not satisfied with their response because it questioned her attitude, required her to attend "team building" with Mr. Kuminkoski, and fully supported Mr. Kuminkoski. She resigned within the week because she felt that Mr. Kuminkoski's actions "became so abusive that [she] could no longer work there." *Id.*

Because the incident may show that Mr. Kuminkoski had sexually demeaning

---

[2]The object may have been a Blackberry or other electronic tool, but for purposes of convenience the Court refers to it as a cell phone.

photographs or videos on his work phone and saw nothing wrong with it or that his attitude toward Ms. McDonald was demanding and demeaning, Ms. McDonald's testimony about this event may be relevant. Statements or actions of Mr. Kuminkoski that reflect a pattern of discrimination based on sex or age are probative, assuming he was the decisionmaker.

**5. Mr. Kuminkoski's trysts with non-employees**

Defendant seeks to exclude evidence that Mr. Kuminkoski had alleged sexual relationships with women who were not employees. Defendant contends that this evidence is irrelevant, and the court will likely agree.

**6. Mr. Kuminkoski's loud arguments on the telephone with his wife**

Defendant seeks to exclude evidence that Mr. Kuminkoski, while on the telephone with his wife, yelled at her and used profane language. Plaintiff overheard such a conversation on at least one occasion. The court tends to agree that this evidence is irrelevant, as a person's treatment of his spouse may be unique, having no tendency to naturally reflect upon his behavior with his female subordinates at work.

**4. Mr. Kuminkoski's prior criminal or driving record**; **7. Failure to terminate Mr. Kuminkoski**

Plaintiff apparently seeks to show that defendant treated her differently than it treated a man (Mr. Kuminkoski) by introducing evidence that even though Mr. Kuminkoski violated written work rules warranting termination (driving a company vehicle while under the influence of alcohol, and acquiring offensive materials containing sexual innuendo or pornography) Mr. Kuminkoski was not terminated, but plaintiff was.

8

Defendant seeks to exclude evidence that Mr. Kuminkoski was suspected of driving a company vehicle while under the influence of alcohol and refused to take a breath test, so had his driver's license suspended by Missouri. Defendant also seeks to exclude discussion of why Mr. Kuminkoski was not terminated for his offenses, but plaintiff was terminated.

To assert a claim of disparate treatment, as plaintiff does here, the plaintiff must show that she was treated differently than other similarly situated employees who violated work rules of comparable seriousness. *Elmore v. Capstan, Inc.*, 58 F.3d 525, 529-30 (10th Cir.1995). "Similarly situated employees are those who deal with the same supervisor and are subject to the same standards governing performance evaluation and discipline." *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1404 (10th Cir. 1997), *quoting Wilson v. Utica Park Clinic, Inc.*, No. 95-5060, 76 F.3d 394, 1996 WL 50462 (10th Cir. Feb.7, 1996) (unpublished). *See Kendrick v. Penske Transp. Services, Inc.*, 220 F.3d 1220, 1232 (10th Cir. 2000).

The Court notes that Mr. Kuminkoski was the general manager of defendant's Midwest Division, and that plaintiff was a sales representative in that division. Mr. Kuminkoski was plaintiff's supervisor, and someone else was Mr. Kuminkoski's supervisor. The parties have not established who made the decision to retain Mr. Kuminkoski or who made the decision to terminate the plaintiff. Again, the paucity of established facts prevents any helpful analysis of the issue, but unless the same person made the decision to terminate the plaintiff and to retain Mr. Kuminkoski, this testimony likely has no relevance.

**8. Complaints about Mr. Kuminkoski's treatment of employees after plaintiff**

**was terminated.**

Plaintiff seeks to admit a letter to defendant's management dated approximately four months after her termination (February 27, 2009) written by some of defendant's employees, complaining about certain bad acts of Mr. Kuminkoski. *See* Dk. 40-7. Defendant states that the complaints do not refer to disparate treatment of any employee and do not allege that any treatment was based on age or sex, so have no connection to plaintiff's claims of discrimination. Defendant claims that the evidence cannot "logically or reasonably be tied to the decision to terminate" the plaintiff, so is irrelevant. Dk. 51, p. 15.

The complaint letter contends that the "continual erratic treatment and harassment of employees by Bernie Kuminkoski" is "directed to certain employees." Dk. 40-7. It does not identify those employees by name or protected category. Stated examples of such behavior include yelling at employees, using profanity, calling employees degrading names in front of others, inconsistency with leave and operating policies, and showing favoritism. *Id.* In the event that Mr. Kuminkoski's behavior set forth in the complaint letter was "directed to" female employees but not male employees, or toward older employees but not younger employees, this letter would likely be relevant, but that remains to be seen.

The complaint letter is not inadmissible merely because it was written after the plaintiff was terminated. The Supreme Court has held that "such evidence is neither per se admissible nor per se inadmissible," *Sprint*, 128 S.Ct. at 1143, but "depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Id.* at 1147. This is true whether the acts occurred before or after

the events of which the plaintiff complains. *See Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 523-24 (3d Cir. 2003); *Brown v. Trustees of Boston Univ.*, 891 F.2d 337, 350 (1st Cir. 1989), *cert. denied*, 496 U.S. 937 (1990).[3] The behavior recounted in the complaint letter may have occurred before the plaintiff was terminated, but even if not, the Court can envision circumstances in which events occurring soon after an employee is terminated may show an employer's preexisting intent, so rejects any "bright line rule" which would deem such evidence to be *per se* irrelevant. Accordingly, as with all rulings above, the court will have to await trial, when the facts are clearer, to make a final determination .

IT IS THEREFORE ORDERED that defendant's first motion in limine (Dk. 50) is taken under advisement.

Dated this 15th day of March, 2011.

                                                    s/ Sam A. Crow
                                                  Sam A. Crow
                                                  U.S. District Senior Judge

---

[3] The Court notes that the Tenth Circuit has stated, that "[d]iscriminatory incidents which occurred either several years before the contested action *or anytime after* are "not sufficiently connected to the employment action in question to demonstrate pretext." *Heno*, 208 F.3d at 856 (italics added). The italicized language is mere dicta, however, but even if not, has been displaced by the Supreme Court's holding in *Sprint.*